[Crim. No. 33083. Second Dist., Div. Three. Feb. 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNEST JOSEPH ROSALEZ, JR., Defendant and Appellant.

**COUNSEL**

Henry P. Crabtree, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, and Roger W. Boren, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Ernest Joseph Rosalez, Jr., was convicted in a court trial of eight counts of robbery (Pen. Code, § 211).[1] These offenses having

---

\*Before Klein, P. J., Allport, J., and Potter, J.

[1]The matter was submitted, in part on the transcript of the preliminary hearing. Although appellant does not contend to the contrary, we note that when viewed in the

been committed subsequent to July 1, 1977, the operative date of the determinate sentence law, the trial court was required to apply this relatively complex new law (Pen. Code, § 1170 et seq.). Contrary to appellant's assertions we have concluded that the sentencing procedures here followed could serve as a textbook example of how a trial court should proceed.

At the time of sentencing the trial court indicated that it had read and considered the report prepared by the probation officer (Pen. Code, § 1203, subd. (a).) It also considered and rejected the potential grant of probation.[2] It then imposed state prison sentences on each of the substantive robbery offenses. ██ Counts III and IV were ordered to run concurrently with each other but consecutively to the concurrent sentences imposed on counts VII and VIII.[3] These terms were also ordered to run consecutively to the consecutive terms imposed on the remaining counts. ██ The court expressly stated its reasons for these sentence choices. (Pen. Code, § 1170, subd. (c); Cal. Rules of Court, rules 425, 443; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].)

With respect to enhancements by virtue of use of a firearm (counts VII and VIII) and armed with a dangerous or deadly weapon (counts III, IV,

light most favorable to the judgment, as is required by the familiar rule governing appellate review (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 570-571 [146 Cal.Rptr. 859, 580 P.2d 274]), substantial evidence supports the trial court's determination that appellant committed the following offenses: count I, the February 14, 1978, robbery of Rosa de Mendoza; count III, the February 16, 1978, robbery of Lynne Rosen; count IV, the February 16, 1978, robbery of Stanley Rosen; count V, the January 31, 1978, robbery of Mae Katsuda; count VI, the January 31, 1978, robbery of Josie Kingman; count VII ,the February 1, 1978, robbery of Don Coltrin; count VIII, the February 1, 1978, robbery of Irene Solinas; count IX, the February 8, 1978, robbery of Ramona Barajas. Substantial evidence also supports the trial court's determinations that appellant personally used a dangerous or deadly weapon, a knife, during the commission of counts III, IV, V, VI, and IX (Pen. Code, § 12022, subd. (b)) and, contrary to his contention (see discussion, *infra*), personally used a firearm, a pistol, in the commission of counts VII and VIII (Pen. Code, § 12022.5).

[2]The trial court initially indicated that pursuant to Penal Code section 1203.06, appellant was ineligible for probation. When defense counsel took exception to this pronouncement, the trial court indicated that even if it did have the power to grant probation, the interests of justice would not be served thereby. The court, referring specifically to the rules promulgated by the Judicial Council, here California Rules of Court, rule 414, expressly outlined the reasons why probation was inappropriate.

[3]While the imposition of concurrent versus consecutive sentence is addressed to the sound discretion of the trial court (*People* v. *Bradford* (1976) 17 Cal.3d 8, 20 [130 Cal.Rptr. 129, 549 P.2d 1225]), we note that where, as here, a defendant commits crimes of violence (robbery) against different people during an otherwise indivisible course of conduct, consecutive sentences on each of the robberies does not offend Penal Code section 654. (*People* v. *Miller* (1977) 18 Cal.3d 873, 885-886 [135 Cal.Rptr. 654, 558 P.2d 552].)

V, VI, and IX), the court reiterated its earlier findings and also made specific reference to appellant's previous admission of having served a prison term as a result of an earlier felony conviction for grand theft.

■ The court selected count VII as the base term and imposed a two-year enhancement by reason of appellant's having used a firearm in the commission of that offense, thereby establishing a principal term of five years. For the consecutive state prison sentences imposed on counts I, III, V, VI, and IX, the court properly designated one additional year as the term for each of these subordinate offenses, thus fixing an additional term of five years. The court arrived at this computation by virtue of Penal Code section 1170.1, subdivision (a), which provides that "[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5 . . . ." Here the consecutive offenses were not listed in subdivision (c) of section 667.5 and thus enhancement by virtue of the "armed" findings (Pen. Code, § 12022, subd. (b)) was inappropriate.

Finally, by virtue of appellant's acknowledgment that he had served a prior prison term as a result of a felony conviction for grand theft, a nonviolent felony offense within the meaning of Penal Code section 667.5, subdivision (c), the court imposed another additional year. (Pen. Code, § 667.5, subd. (b).) In sum, the total term of imprisonment was fixed at eleven years, i.e., five years for the principal term, five years for the consecutive subordinate terms, and one year for a prior prison term as a result of a prior felony conviction.[4]

■ Appellant contends, in essence, that the trial court's failure to expressly recite that appellant *personally* had used a firearm in the commission of counts VII and VIII renders its findings in this regard erroneous. In connection with these counts, the evidence credited by the court indicated that appellant had entered the Paramount Bootery on February 1, 1978, removed a pistol from his jacket and ordered a clerk, Ms. Salinas, to open the cash register. She did so and appellant removed the money and also took $25 from the person of the store's manager, Mr. Coltrin. Based upon this evidence, the trial court expressly concluded, "The Court further finds that the defendant Ernest Joseph Rosalez used a

[4]The sentence imposed was not violative of what is commonly referred to as the "double the base term rule" of Penal Code section 1170.1, subdivision (f), since here not only were consecutive sentences imposed but an enhancement for having used a firearm was also imposed.

firearm, a pistol, during the commission . . . of the offenses alleged in Counts VII and [VIII] . . . ."

Where, as here, a defendant has been charged by information with having ". . . used a firearm, a pistol, during the commission . . . of the offenses alleged in Counts VII and VIII" and the evidence supporting his personal use of a firearm is credited by the trier of fact (*People* v. *Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306]; *People* v. *Louis* (1977) 75 Cal.App.3d 620, 624 [142 Cal.Rptr. 182]) the trial court is not required to negate a potentially erroneous finding of "vicarious" use of a firearm.

■ Appellant also contends that ". . . multiple findings of the use of a firearm are prohibited when there is a 'single occasion' use against two victims." Insofar as this contention is directed to adverse evidentiary findings on the issue of the truth or falsity of the allegation, it is erroneous. Insofar as it is directed to the proposition that a defendant should only be required to serve one period of confinement therefor, it is correct. (*In re Culbreth* (1976) 17 Cal.3d 330, 335 [130 Cal.Rptr. 719, 551 P.2d 23].) Here, however, the trial court pragmatically complied with *Culbreth, supra,* when it ordered counts VII and VIII to run concurrently. This action assures that appellant will be required to serve but one period of confinement (two years) for his having used a firearm in the commission of counts VII and VIII. No modification of the judgment is required.

Finally, appellant's contention that the additional terms totaling six years must be reduced to a total of five years is without merit since it is based upon a repealed portion of section 1170.1a.[5] Present statutory law provides only that "[i]n no case shall the total of subordinate terms for consecutive offenses not listed in subdivision (c) of Section 667.5 exceed five years." (Pen. Code, § 1170.1, subd. (a).) In the instant case, the total of subordinate terms for consecutive offenses is five years, and thus does not exceed the five-year limitation.

The judgment is affirmed.

---

[5]The former relevant portion of Penal Code section 1170.1a, subdivision (e), provided: "In no case shall the aggregate for enhancement for both prior terms as defined in subdivision (b) of Section 667.5 and consecutive sentences as defined in subdivision (a) of Section 1170.1a exceed five years." (Added by Stats. 1976, ch. 1139, § 273; amended by Stats. 1977, ch. 165, § 17.)