Opinion
 

 COMPTON, J.
 

 Rodney Lee Blessing was convicted pursuant to a negotiated plea of five counts of robbery (Pen. Code, § 211, counts I, V, IX, X, and XII) and two counts of assault with a deadly weapon upon a police officer (Pen. Code, § 245, subd. (b); counts III and VI). He also admitted having used a firearm in the commission of each of these offenses (Pen. Code, § 12022.5).
 
 [1]
 
 He was sentenced pursuant to the determinate sentence law to a total term of imprisonment of 16% years. He appeals contending (1) the trial court erred in failing to state any reasons for imposing consecutive sentences, (2) it was error to enhance the sentence on two of the counts (III and V) with a use of a firearm finding (Pen. Code, § 12022.5) inasmuch as those two offenses were committed upon a single occasion.
 

 At the time it pronounced judgment, the trial court made a detailed statement specifying its selection of the various terms of imprisonment but inadvertently failed to articulate the reason or reasons for its determination that consecutive sentences were appropriate.
 

 A recurring theme in the determinate sentence law is that those judicial officers who implement it should orally state the reasons for their sentencing choices on the record.
 

 “The court shall state the reasons for its sentence choice on the record at the time of sentencing.” (Pen. Code, § 1170, subd. (c).)
 

 “Sentence choice” is defined as the selection of any disposition of the case not amounting to a dismissal, acquittal, or grant of a new trial (Cal. Rules of Court, rule 405(f) and Advisory Committee’s corns.
 
 *838
 
 thereto). The sentencing judge is required to state in simple language the factor or factors that support the exercise of discretion (Cal. Rules of Court, rule 443). The sentencing judge is required to determine whether consecutive sentences should be imposed (Cal. Rules of Court, rule 433(c)(3)). (See also,
 
 People
 
 v.
 
 Walker
 
 (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66], expressly holding that the decision to impose a consecutive sentence is a “sentence choice” and
 
 People
 
 v.
 
 Rosalez
 
 (1979) 89 Cal.App.3d 789 [153 Cal.Rptr. 65].)
 
 [2]
 
 The objective is meaningful review of the exercise of discretion by the trial court.
 

 California Rules of Court, rule 425, sets forth the criteria affecting consecutive sentences as follows; “Criteria affecting the decision to impose consecutive rather than concurrent sentences include:
 

 “(a) Facts relating to the crimes, including whether or not:
 

 “(1) The crimes and their objectives were predominantly independent of each other.
 

 “(2) The crimes involved separate acts of violence or threats of violence.
 

 “(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.
 

 “(4) Any of the crimes involved multiple victims.
 

 “(5) The convictions for which sentences are to be imposed are numerous.
 

 “(b) Any circumstances in aggravation or mitigation.”
 

 Our ability to review the decision here is not impaired by the failure of the trial court to make reference to the above rule. Conversely, a simple recital of the applicable criteria would not have served any useful purpose.
 

 
 *839
 
 We are unwilling to engage in idle gestures or reach ridiculous results by slavish adherence to ritualistic form. A brief glance at the record shows that defendant’s crimes met every criteria listed in the rule and there is a total absence of any mitigating circumstances.
 

 Defendant’s second contention is also lacking in merit. Initially we observe that the point was never urged nor ruled upon in the court below. Furthermore, it appears that defendant’s ability to raise the issue may be precluded by the terms of the plea bargain.
 
 [3]
 
 In any event we conclude that the offenses embraced in counts III and V do not appear to have been committed upon a “single occasion” as that phrase has been interpreted by other cases.
 

 We have, on motion of defendant, and without objection by the Attorney General, augmented the record on appeal to include the superior court file which contains a copy of the preliminaiy hearing transcript. (Cal. Rules of Court, rule 12(a).) In pertinent part, it reveals that on the evening of November 13, 1977, Officer Jerrold Antoon of the Los Angeles Police Department was present at the scene of an accident that was blocking traffic. Defendant, driving a stolen car,
 
 [4]
 
 attempted illegally to drive around a long line of waiting cars. He was stopped by Officer Antoon who approached intending to issue a traffic citation. As the officer was in the process of obtaining defendant’s identification, defendant shot him and fled on foot. Officer Antoon testified that he was shot at approximately 9:30 p.m. This was the offense covered by count III.
 

 At approximately 9:45 p.m., Rudolph DeChellis, the driver of another car that had been caught in the traffic jam, was able to avoid the blockade by making a U-tum. As he did so he was “flagged down” by defendant who was walking away from the direction of the accident. Thinking that defendant might be injured, DeChellis stopped to render aid. Defendant
 
 *840
 
 pointed his gun at DeChellis, threatened to “blow [DeChellis’] brains out,” and ordered him to unlock the passenger door. DeChellis complied but then exited the car from the driver’s side. Defendant fled in DeChellis’ car. This was the offense covered by count V.
 

 In
 
 In re Culbreth
 
 (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23], our Supreme Court held that Penal Code section 12022.5 may be applied only once where multiple crimes of violence have been committed upon a “single occasion.”
 
 [5]
 
 In
 
 Culbreth,
 
 appellant shot and killed his common law wife, his mother-in-law, and his brother-in-law “. . . in a matter of seconds, all part of a single melee.” (At pp. 332, 335.) The court also described the event as a “. . . single frenetic act of violence which, unfortunately, resulted in multiple victims.” (At p. 334.)
 
 People
 
 v.
 
 Miller
 
 (1977) 18 Cal.3d 873 [135 Cal.Rptr. 654, 558 P.2d 552], reaffirmed the principle articulated in
 
 Culbreth, supra,
 
 and applied the “single occasion” rule in the context of a burglary-robbery-assault with a deadly weapon, since the defendant used a firearm “. . . in the almost simultaneous commission of three crimes.” (At p. 887.)
 

 In the instant case, enhancing both counts III and V with use of a firearm finding requires a determination of whether defendant entertained separate and identifiable intents and objectives in the commission of these offenses, i.e., a determination that the “single occasion” rule was inapplicable and that a “double occasion” was at hand. (See
 
 People
 
 v.
 
 Holly
 
 (1976) 62 Cal.App. 3d 797, 803-806 [133 Cal.Rptr. 331]; see also
 
 People
 
 v.
 
 Perez
 
 (1979) 23 Cal.3d 545, 552, and accompanying fn. 5 [153 Cal.Rptr. 40, 591 P.2d 63].) Certainly the subject offenses do not appear to us to have been a “single frenetic act of violence”
 
 (Culbreth, supra,
 
 at p. 334) nor “almost simultaneous” in point of time.
 
 (Miller, supra,
 
 at p. 887.)
 

 It may well be that as appellant urges, his fundamental intent and objective was “. . . to avoid detection and arrest for stealing the car which he was driving as well as his other robberies committed earlier that evening and in the days preceding the incident.” Nonetheless, this possibility would not give him carte blanche to use a firearm on each and every subsequent occasion when he needs either transportation or money to make good his desire to “avoid detection.”
 

 
 *841
 
 “To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute’s [Pen. Code, § 654] purpose to insure that a defendant’s punishment will be commensurate with his culpability. [Citation.] It would reward the defendant who has the greater criminal ambition with a lesser punishment. [Citation.]”
 
 (People
 
 v.
 
 Perez, supra,
 
 at p. 552.)
 

 A close reading of
 
 Culbreth, supra,
 
 compels the conclusion that the propriety of multiple use enhancement should be tested in a manner akin to that traditionally applied to Penal Code section 654 (at pp. 333, 335; see also
 
 People
 
 v.
 
 Chi Ko Wong
 
 (1976) 18 Cal.3d 698, 726, fn. 20 [135 Cal.Rptr. 392, 557 P.2d 976]). The trial court’s determination is well supported by the evidence in the case.
 

 The judgment is affirmed.
 

 Fleming, Acting P. J., and Beach, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied July 25, 1979.
 

 [1]
 

 The remaining five counts, with use of firearm allegations appended to four of them, were dismissed in compliance with the negotiated plea.
 

 [2]
 

 Respondent’s reliance on the Indeterminate Sentence Law case of
 
 People
 
 v.
 
 Edwards
 
 (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995], is misplaced. (See
 
 Edwards, supra,
 
 at pp. 805-806, fn. 12.)
 

 [3]
 

 At the time the People agreed to dismiss the various additional counts of the present information and that concurrent sentences would be imposed upon other crimes charged in yet another information that had been filed in Pomona, appellant was advised, “Mr. Blessing, if the Court decided to sentence you consecutively on all of these counts, you would receive under this plea negotiation a maximum of sixteen and one-third years; do you understand that? THE DEFENDANT. Yes.” Since appellant thus benefited from his bargain he cannot claim both its fruits and request a diminution thereof at the same time.
 
 (People
 
 v.
 
 Collins
 
 (1978) 21 Cal.3d 208, 214-215 [145 Cal.Rptr. 686, 577 P.2d 1026];
 
 In re Handsome
 
 (1977) 72 Cal.App.3d 657, 660 [138 Cal.Rptr. 400].)
 

 [4]
 

 Defendant had obtained this car in a robbery committed on November 12, 1977 (count I).
 

 [5]
 

 In so doing, the court cited three Court of Appeal cases which had precluded multiple use enhancement for multivictim robbery offenses committed upon a “single occasion.” (Culbreth, at p. 334.)