[Crim. No. 35962. Second Dist., Div. One. Oct. 31, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DEREK HERMAN JONES, Defendant and Appellant.

598

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court
of Appeal, Jill Ishida and Michael Tanaka, Deputy State Public De-
fenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief
Assistant Attorney General, S. Clark Moore, Assistant Attorney Gener-
al, Norman H. Sokolow, Andrew D. Amerson and Christine Franklin,
Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**JEFFERSON (Bernard), Acting P. J.\***—Derek Herman Jones was convicted pursuant to a negotiated disposition (Pen. Code, § 1192.5) wherein he entered a plea of guilty to robbery (Pen. Code, § 211) and admitted having used a firearm in the commission of that offense (Pen. Code, § 12022.5). He was committed to the California Youth Authority with the provision that his maximum period of potential confinement would be seven years. He has appealed from the judgment of conviction.

Defendant advances two contentions on this appeal: (1) that the case should be remanded for resentencing because the. trial court erred in failing to state its reasons for imposing the upper term for robbery when sentencing defendant to the Youth Authority; and (2) that defendant is entitled to good-time and work-time credit for the time served in the county jail prior to his sentencing.

I

*The Necessity for a Statement of Reasons When*
*Imposing the Upper Term When Sentencing an*
*Adult Defendant to the Youth Authority*

As indicated previously, both the People and defendant entered into a negotiated disposition wherein vulnerability to a seven-year maximum period of potential confinement at the California Youth Authority was the most onerous possible disposition. (*People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026].)

In connection with this potential range of confinement, the prosecutor advised defendant: "Now, as far as sentencing is concerned in this case, you heard representations made by your attorney, Mr. Mizel, at the start of this proceeding here about what the judge had represented as far as sentencing, that the *preliminary commitment* on the court is to sentence you to C.Y.A. for a maximum of seven years. [¶] Your attorney can try to talk the judge down from that to give you county time, but if the judge wants to sentence you to state prison, he'll let you withdraw your plea." (Italics added.)

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

At the time judgment was pronounced the following transpired: "THE COURT: All right. It is the judgment and sentence of the court for a violation of 211 of the Penal Code that Mr. Jones be sentenced to the custody of the Director of the California Youth Authority for the term prescribed by law.

"In that regard, the court will set the term at seven years, that being five years for the robbery plus two years for the use of the weapon, handgun, in violation of 12022.5; that not being used by the court as a basis of setting the base term.

"And those two, five and two, to be consecutive.

"The sheriff of Los Angeles County is ordered to deliver Mr. Jones to the Director of the California Youth Authority.

"Mr. Jones is to be given credit for the time that he was in custody, 55 days up to May 15th, and then further time that he's been in custody since then.

"MR. MIZEL [Defense Counsel]: So, the order will read that he's being sentenced today?

"THE CLERK: He's not being sentenced as of the day we did that?

"THE COURT: No.

"MR. MIZEL: All right. So, he is entitled, then, to—he's actually been in custody 119 days.

"THE COURT: All right. I'll give him credit for that.

"MR. MIZEL: Okay. Now, for the record, I would like to request he be given credit for 59 additional days of 4019 time credits.

"THE COURT: All right. That will be denied.

"MR. MIZEL: Thank you."

It is to be noted that at no time during the course of the commitment proceedings did the trial court articulate any reasons for its selection of the upper term of imprisonment; but it is also true that neither the de-

fense counsel nor the prosecutor called the court's attention to this fact of nonarticulation of reasons.

■ We must conclude that defendant's first contention is meritorious. The statutory and decisional law and a court rule as well declare that the trial court must articulate the reason or reasons for its sentence choice of the upper term of imprisonment. (Pen. Code, § 1170, subd. (b); *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807]; *People* v. *Davis* (1980) 103 Cal.App.3d 270, 279-280 [163 Cal.Rptr. 22]; Cal. Rules of Court, rule 433(c)(1); see also Cal. Rules of Court, rule 439(c) and Cal. Rules of Court, rule 443.)

Rule 440 of the California Rules of Court provides: "If a plea of guilty or nolo contendere pursuant to section 1192.5 specified a prison term other than the middle term as the punishment and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the sentencing judge may impose the specified term provided there is evidence or a factual stipulation in the record justifying that term *and appropriate facts and reasons for imposing that term are set forth on the record.*" (Italics added.)[1]

The Advisory Committee comment to rule 440 is as follows: "This rule does not relieve the sentencing judge of any statutory requirement that reasons be stated on the record. [¶] This rule does not affect the power of the court to reject a plea of guilty or to reject the defendant's specification of a prison term. [¶] Whether sentence is imposed on an unconditional plea of guilty, a conditional plea pursuant to section 1192.5, or a verdict of guilty, rule 433 must be complied with."[2]

---

[1] Penal Code section 1192.5, referred to in rule 440, in part pertinent to the issue before us, provides: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony,... the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty,... [¶] Where such plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea."

[2] Rule 433 of the California Rules of Court provides, in relevant part, that "(c) [i]f a sentence of imprisonment is to be imposed, or if the execution of a sentence of imprisonment is to be suspended during a period of probation, the sentencing judge shall: [¶] ... (5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."

Where, as here, a youthful felon is committed to the California Youth Authority, the "sentencing" court must comply with the California Rules of Court that pertain to the determinate sentence law.[3]

A relevant rule of the California Rules of Court is rule 453, which deals with "Commitments to Nonpenal Institutions." Rule 453 provides, in pertinent part, as follows: "When a defendant is convicted of a crime for which sentence could be imposed under section 1170 and the court orders that he be committed: [¶] (a) To the California Youth Authority pursuant to Welfare and Institutions Code section 1731.5, the order of commitment shall specify the term of imprisonment to which the defendant would have been sentenced. The term shall be determined as provided by sections 1170 and 1170.1 and these rules, as though a sentence of imprisonment were to be imposed."

■ The Attorney General points out that *juveniles* committed by the juvenile court to the Youth Authority for rehabilitative purposes may automatically be confined for the upper term provided for the felony involved without complying with the California Rules of Court that pertain to the determinate sentence law. (Welf. & Inst. Code, § 726, subd. (c); *In re Eric J.* (1979) 25 Cal.3d 522, 528-533 [159 Cal.Rptr. 317, 601 P.2d 549].) ■ The Attorney General takes the position that, since youthful felons committed to the California Youth Authority from adult court are confined for similar rehabilitative purposes, they may legally be treated in like fashion, i.e., that no articulation of a reason or reasons for a "sentence choice" is necessary.

The argument is also advanced by the Attorney General that a negotiated plea bargain, made pursuant to Penal Code section 1192.5, should not be subjected to the requirement of articulation of reasons for imposing the upper term of the felony involved.

We reject this position advanced by the Attorney General. There is no language in Penal Code section 1192.5 which mandates that a negotiated plea should constitute an exception to the requirement of Penal

---

[3]Penal Code section 1170, subdivision (a)(2), provides that "[i]n sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council." And Penal Code section 1170.3 provides, in part relevant for our purposes, as follows: "The Judicial Council shall seek to promote uniformity in sentencing under Section 1170, by: [¶] (a) The adoption of rules providing criteria for the consideration of the trial judge at the time of sentencing regarding the court's decision to: [¶] . . . (2) Impose the lower or upper prison term."

Code section 1170 that "[i]n sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council." By the adoption of rule 453, subdivision (a), of the California Rules of Court, the Judicial Council has determined that Penal Code section 1192.5 is subject to the articulation-of-reasons requirement in the imposition of an upper term sentence.

In addition, the case at bench does not present a situation in which there was a *definitive* agreement on the upper term as the sentence to be imposed. The record reflects that the upper-term negotiated plea was a "preliminary commitment" only—the language used by the deputy district attorney. Under such circumstances, the committing court had given itself, under the plea bargain, the discretion to commit defendant to the California Youth Authority and to specify that he could be held in physical confinement for a period less than that for which he could have been confined had he been committed from juvenile court. Since discretionary "sentence choices" are presented, we hold that an articulation of reasons for the one selected—the upper term for robbery—was required.

The analogy to commitments of minors to the California Youth Authority from the juvenile court is not well taken. Welfare and Institutions Code section 726 specifically provides for commitments of minors to the California Youth Authority for upper-term periods "but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code...."[4] The Legislature did not see fit to require comparable treatment for young adults being sentenced to the California Youth Authority.

## II

### *The Issue of Waiver by Defendant's Failure to Object Below to the Trial Court's Failure to Set Forth a Statement of Reasons for Giving the Upper Term in Sentencing a Defendant*

The Attorney General argues that, irrespective of the merits, defendant should be foreclosed, on appeal, from claiming any error by the

---

[4]Penal Code section 1170, subdivision (b), provides, in pertinent part, that "[t]he court shall set forth on the record the facts and reasons for imposing the upper or lower term."

trial court in failing to state reasons for sentencing defendant to the upper term because defendant did not object thereto below.

Generally speaking, the rationale underlying the rule requiring objection below as a prerequisite to complaint on appeal regarding some error by the trial court is predicated on the premise that, in its absence, the People would be deprived of the opportunity to cure the defect in the trial court and the defendant would be allowed to gamble on a favorable result—secure in the knowledge that if he did not prevail there, he would be able to prevail on appeal. (See *People* v. *Rogers* (1978) 21 Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048] and cases there cited.)

It is obvious that this rationale for the rule of waiver is inapplicable to sentencing procedures since a defendant can gain no advantage over the People by his failure to make a timely objection below. We conclude that where the rationale for a rule of waiver has no application to a particular situation, the rule of waiver itself is no longer viable in that particular situation and can have no effect or vitality. Hence, we reject the Attorney General's argument that defendant must be held to have waived his right to claim error before us in the trial court's failure to state its reasons for sentencing defendant to the upper term.

## III

### Defendant's Eligibility for Good-time and Work-time Credits

Defendant's contention that he is entitled to good-time and work-time credits for precommitment time spent in confinement is a meritorious one. Present decisional law requires that a defendant be given "conduct credit" for time spent in custody prior to his sentence. (*In re Maurice S.* (1979) 90 Cal.App.3d 190 [153 Cal.Rptr. 317]; *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) Since the matter must be remanded to the trial court for resentencing, the defendant is entitled to have the trial court award him "good conduct" credit.

The judgment of July 19, 1979, is affirmed insofar as defendant's conviction is concerned. The sentencing portion of said judgment is re-

versed with directions to the trial judge to resentence defendant in accordance with the views expressed in this opinion.

Lillie, J., and Hanson (Thaxton), J., concurred.

A petition for a rehearing was denied November 28, 1980, and respondent's petition for a hearing by the Supreme Court was denied December 24, 1980. Mosk, J., Clark, J., and Richardson, J., were of the opinion that the petition should be granted.