[Crim. No. 38571. Second Dist., Div. Two. Apr. 9, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
TESLA EDWARD LUTES, Defendant and Appellant.

COUNSEL

Rosana M. Selesnick, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROTH, P. J.**—Tesla Edward Lutes was convicted by plea of sodomy (Pen. Code, § 286, subd. (b)(1); count I), two counts of oral copulation (Pen. Code, § 288a, subd. (b)(1); counts II and III) and two counts of furnishing marijuana to a minor (Health & Saf. Code, § 11361, counts IV and V). He was found to be a mentally disordered sex offender (MDSO) and committed to Atascadero State Hospital but was returned thereafter as not being amenable to treatment. ▪ ▪▪▪ He was sentenced to state prison for the middle four-year term on the furnish-

ing marijuana conviction in count IV and a consecutive eight-month term on the sodomy conviction in count 1.[1] Sentences on the remaining counts were stayed. He appeals contending: "I. The court erred in failing to state the reasons for the prison sentence and making insufficient reference to the probation report or the hospital record. II. The court failed to state its reasons for imposition of consecutive sentences."

At the outset, we must observe that appellant's factual observations are correct and respondent does not suggest that the trial court articulated *any* reason whatsoever for the sentence choices here made. (*People* v. *Rosalez* (1979) 89 Cal.App.3d 789, 792 [153 Cal.Rptr. 65].) Consequently, we are unable to engage in meaningful and intelligent appellate review. (Cf. *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-389 [155 Cal.Rptr. 780].)[2]

■ Respondent urges that appellant's failure to object to the lack of articulation below should preclude his complaint on appeal. It has been held, however, that no such objection need be advanced in the trial court. (*People* v. *Jones, supra,* 111 Cal.App.3d 597, 604-605.) The statutory framework of the determinate sentence law and the California Rules of Court create a *sua sponte* obligation on the sentencing court to articulate the reason or reasons for its sentence choices. There is no talismanic requirement of an objection or request to comply with these rules as a prerequisite to complaint on appeal. *Sua sponte* compliance furthers the salutary goals of uniformity of sentencing, meaningful appellate review, and review of disparate sentences by the Board of Prison Terms.

We observe that respondent's observation that "... the alleged error could have been immediately remedied at the trial court had appellant's counsel made a timely objection" is doubtless true. However, it is the

---

[1]The negotiated disposition specified that if appellant were ever sentenced to state prison five years was the maximum potential sentence. This negotiated vulnerability to punishment (*People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]) did not relieve the sentencing court of its duty to articulate the reason or reasons for its sentence choices. (Pen. Code, § 1170, subd. (c); Cal. Rules of Court, rule 439(d); *People* v. *Jones* (1980) 111 Cal.App.3d 597, 603-604 [169 Cal.Rptr. 28].)

[2]It does appear that by virtue of the fact that appellant was not amenable to treatment as an MDSO, such finding, *if articulated*, could serve as a basis for the sentence choice of denial of probation/sentence to state prison. (*People* v. *Flores* (1981) 115 Cal.App.3d 924, 928-929 [171 Cal.Rptr. 777].) It also appears that multiple "victims" were involved and such finding, *if articulated*, could serve as a basis for the sentence choice of consecutive sentences. (*People* v. *Rosalez, supra,* 89 Cal.App.3d at p. 792.)

People, as the moving party in the lawsuit, who should seek to immediately remedy such a situation. It obviously works to the advantage of our entire criminal justice system when prosecutors take an active part in protecting the record made in their actions.

The sentence imposed is vacated and the matter remanded for resentencing to permit the court to articulate its reason or reasons for its sentence choices.

Fleming, J., and Beach, J., concurred.