[Crim. No. 21121. First Dist., Div. One. July 28, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL DRAKE, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark Fogelman, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Nancy Stewart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GRODIN, J.—Samuel Drake appeals from the judgment which the trial court imposed after he entered a plea of guilty to 14 counts of robbery (Pen. Code, § 211). His sole complaint on appeal is with the aggregate 10-year sentence reflected in the abstract of judgment dated January 2, 1980. He contends that he was sentenced earlier to an aggregate term of six years, and that the court was without power to resentence him to the greater term. For the reasons set forth below, we agree with his contention.

### PROCEDURAL BACKGROUND

Drake initially came before the court for sentencing on December 19, 1979. He testified that he was addicted to heroin; he expressed remorse, and a desire for rehabilitation. The court expressed sympathy with his personal history, but indicated that under then applicable criteria (Welf. & Inst. Code, § 3052), he would not qualify for an alternative disposition. The court then sentenced him as follows: "It is the judgment and sentence of the Court that for a violation of Penal Code Section 211, as charged and found to be true with regard to *Count 7* of the Information, that the Defendant be committed to the California Department of Corrections for a period of *three years*, that being *the middle term of the base sentence* for a violation of Penal Code Section 211." (Italics added.) On counts 1, 2, 3, 4, 5, 6, and 8, appellant was sentenced to three years on each count, with one year of each term (for a total of *seven years* on those counts) to be served *consecutively* to the

other terms. The remaining two-thirds of each term on those counts was stayed. A three-year sentence was imposed on each of the remaining counts (9 through 14), with the commitment "stayed pursuant to the applicable Section [Pen. Code, § 1170.1, subd. (f)] requiring the Court to limit its commitment to double the base term."

On January 2, 1980, Drake was resentenced to the *upper term of five years on count 7*. On counts 1, 2, 3, 4, and 5, he was sentenced to three years on each count, with one year of each term (for a total of *five years* on those counts) to be served *consecutively* to the other terms. The remaining two-thirds of each term on those counts was stayed. A three-year sentence was imposed on each of the remaining counts (6, 8, 9, 10, 11, 12, 13, and 14) with the commitment stayed pursuant to Penal Code section 1170.1, subdivision (f).

The court explained the resentencing as follows: "[I]n discussing the matter with my Clerk and reviewing it further, I came to the conclusion that the way I had pronounced sentence ran afoul of the prohibition that the term imposed could not be in excess of twice the base term. I was under the impression that double the base term was in fact ten years, because the aggravated sentence for a single count would be five years .... [¶] Since, however, I imposed only the middle term for Count 7 and did not in fact impose the aggravated term, the way I did it, it would appear to me that as a matter of law, I had in fact imposed a six year term rather than a ten year term. Reviewing the notes and recalling what occurred at that first hearing, I think my intention was clear at that time to impose a ten year term. [¶] I felt that there were sufficient factors in aggravation.... [¶] Indeed, my recollection is that I pointed out that there were in fact circumstances in aggravation, but because of my reaction to Mr. Drake's testimony and the obviously strange circumstances of his life prior to the time he came before this Court, *I was trying in my own way to avoid particularizing or articulating the reasons for imposing an aggravated sentence....* [¶] I feel, however, that that should not result in the imposition of a sentence different than the one that I clearly intended at the time." (Italics added.)

By way of explanation for the newly imposed aggravated term on count 7, the court found that "the factors in aggravation significantly outweigh the factors in mitigation," and it relied upon the fact that "there are numerous counts for which the Defendant will serve no time of incarceration in this case."

## DISCUSSION

The People contend that appellant was sentenced on December 19, 1979, to an aggregate term of 10 years, so that the resentencing on January 2, 1980, entailed no modification of the aggregate sentence. That may well have been what the court intended, but it is not what the court did.

On December 19, 1979, the court imposed the middle term for each of appellant's 14 felony convictions. It found that consecutive terms were warranted because "each of the crimes was individual and separate." It also found that to impose the upper term on any count was "unnecessary ... under the circumstances."

Once the foregoing determinations had been made, the aggregate term of imprisonment was limited by statute. As relevant here, Penal Code section 1170.1, subdivision (f), provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 ...." The base term for each count was three years. The aggregate term was therefore limited to six years, by operation of law. (See *People* v. *Burke* (1980) 102 Cal.App.3d 932, 939 [163 Cal.Rptr. 4]; *People* v. *Benton* (1979) 100 Cal.App.3d 92, 100 [161 Cal.Rptr. 12]; *People* v. *Rosalez* (1979) 89 Cal.App.3d 789, 793, fn. 4 [153 Cal.Rptr. 65].) The trial court had no discretion to impose an aggregate term in excess of the statutory limit. The erroneously unstayed portion of the sentence (as to counts 4, 5, 6, and 8) is void. (*Wilson* v. *Superior Court* (1980) 108 Cal.App.3d 816, 818 [166 Cal.Rptr. 795].)

Judgment in a criminal case is rendered when sentence is pronounced. (Pen. Code, § 1202; *People* v. *Thomas* (1959) 52 Cal.2d 521, 529, fn. 3 [342 P.2d 889].) "The pronouncing of sentence is a judicial act." (*In re Larsen* (1955) 44 Cal.2d 642, 647 [283 P.2d 1043].) On December 19, 1979, the trial court exercised its discretion to impose the middle term. Insofar as this resulted in an aggregate term, which, by operation of law, was different from what the court intended, the error was judicial in nature. (Cf. *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *People* v. *Flores* (1960) 177 Cal. App.2d 610, 613 [2 Cal.Rptr. 363]; *Nathanson* v. *Murphy* (1957) 147 Cal.App.2d 462, 469 [268 P.2d 32].) This is manifestly a "case in which the trial judge, having failed orally to refer to findings in aggravation of punishment, thereafter 'corrects' the judgment with the effect

of enhancing the severity of the sentence." (*People* v. *Guerrero* (1975) 47 Cal.App.3d 441, 449 [120 Cal.Rptr. 732].) In purporting to revise its judgment by imposing the upper term of imprisonment, the trial court acted in excess of its jurisdiction under the common law. (*In re Candelario, supra*, 3 Cal.3d at pp. 705-707; *People* v. *Thomas, supra*, 52 Cal.2d 521, 529-534 [dictum]; *People* v. *McAllister* (1940) 15 Cal.2d 519, 524, 526 [102 Cal.Rptr. 1072] [dictum]; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 12-14 [109 Cal.Rptr. 627]; *In re Garrity* (1929) 97 Cal.App. 372 [275 P. 480]; *In re Sullivan* (1906) 3 Cal.App. 193 [84 P. 781]; see also *Smith* v. *Superior Court* (1981) 115 Cal. App.3d 285 [171 Cal.Rptr. 387] [factual misapprehension]; *In re Eugene R.* (1980) 107 Cal.App.3d 605, 612 [166 Cal.Rptr. 219] [juvenile court proceedings]; *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 870 [143 Cal.Rptr. 852].)[1]

■ The purported judgment imposed on January 2, 1980, is void. The judgment imposed on December 19, 1979, is modified as follows: The terms of imprisonment imposed on counts 4, 5, 6, and 8 are stayed in their entirety, pursuant to Penal Code section 1170.1, subdivision (f); the aggregate unstayed term imposed by the judgment is six years. The superior court clerk is directed to prepare an abstract of judgment accordingly, and transmit it to the Department of Corrections and other appropriate agencies.

As modified, the judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

---

[1] At the initial sentencing on December 19, 1979, the middle term of imprisonment was not beyond the power of the court to impose. For that reason *People* v. *Grimble* (1981) 116 Cal.App.3d 678, 684-685 [172 Cal.Rptr. 362], cited by the People at oral argument, is inapposite. Penal Code section 1170, subdivision (d), providing for resentencing on the court's own motion within 120 days of commitment, was by its express terms inapplicable to the proceedings of January 2, 1980, because "the new sentence" was "greater than the initial sentence." (Stats. 1977, ch. 165, § 15; Stats. 1978, ch. 579, § 29; Stats. 1979, ch. 255, § 8; Stats. 1980, ch. 1117, § 7.)

We do not reach appellant's constitutional claims of double jeopardy, because the common law disposes of the case.