[Crim. No. 39468. Second Dist., Div. Three. Nov. 24, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
MORTON Z. OLKEN, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COBEY, J.**—We hold that a sentence imposed pursuant to a negotiated disposition which is not supported by an articulation of reasons, while erroneous, is not "unauthorized by law" and, therefore, is not subject to correction after it has become final.

Morton Z. Olken was convicted by plea of grand theft (Pen. Code, § 487, subd. 1) and on November 11, 1979, was sentenced to state prison for the upper three-year term. He did not appeal this judgment but a full year later moved the trial court to reduce his sentence to the middle two-year term because it had failed to articulate the basis for its selection of the upper term. (Pen. Code, § 1170, subd. (b); Cal. Rules of

Court, rule 439(b).) This motion was denied and he appeals, contending: "The [trial] court improperly imposed the upper term."

■ Appellant is correct in his observation that the trial court erred in failing to state a reason or reasons to support its selection of imprisonment for the upper three-year term. (E.g., *People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 643 [160 Cal.Rptr. 607].) Appellant's plea of guilty was pursuant to a negotiated disposition which, as regrettably is so frequently the case, was couched in terms suggesting that appellant *would receive* the maximum term rather than that he *was vulnerable* to such a sentence. When judgment was pronounced, the court simply imposed the three-year term without articulating any reason for its denial of probation and choice of imprisonment, nor for its selection of the upper term.[1]

The fact that the upper term was a possibility contemplated by a negotiated disposition did not relieve the court from its duty to articulate a reason or reasons for its ultimate selection. "The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's *vulnerability* to a term of punishment. . . . [T]he parties cannot bind the trial judge in his imposition of sentence [and] the bargain relates to defendant's *vulnerability* to sentence, not actual sentence imposed pursuant to the court's discretion." (*People* v. *Collins* (1978) 21 Cal.3d 208, 215, 216, fn. 4 [145 Cal.Rptr. 686, 577 P.2d 1026], italics added.)

Of course, as with all negotiated dispositions, a sentencing court is free to choose, within the range of sentence vulnerability, the term that its consideration of the case indicates will best serve the interests of justice. Therefore, even in the context of a negotiated disposition, sentence choices are always present. This fact was recognized by the Judicial Council when it adopted rule 440 of the California Rules of Court, which provides: "If a plea of guilty or nolo contendere pursuant to section 1192.5 specified a prison term other than the middle term as the punishment and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the sentencing

---

[1]Actually only one reason would have been required to meet the court's duty in this respect. California Rules of Court rule 441, in pertinent part, provides: "A fact considered and used by the sentencing judge in deciding to deny probation . . . may be used to impose the upper term . . . ." (See *People* v. *Covino* (1980) 100 Cal.App.3d 660, 670 [161 Cal.Rptr. 155].)

judge may impose the specified term provided there is evidence or a factual stipulation in the record justifying that term and appropriate facts and reasons for imposing that term are set forth on the record." The Advisory Committee comment to rule 440 is as follows: "This rule does not relieve the sentencing judge of any statutory requirement that reasons be stated on the record. [¶] This rule does not affect the power of the court to reject a plea of guilty or to reject the defendant's specification of a prison term. [¶] Whether sentence is imposed on an unconditional plea of guilty, a conditional plea pursuant to section 1192.5, or a verdict of guilty, rule 433 must be complied with." Rule 433(c)(5) provides, in pertinent part, that "... the sentencing judge shall ... [p]ronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law." These rules have also been consistently recognized and applied in this district. (*People* v. *Jones* (1980) 111 Cal.App.3d 597, 603-604 [169 Cal.Rptr. 28]; *People* v. *Lutes* (1981) 117 Cal.App. 3d 830, 832, fn. 1 [173 Cal.Rptr. 300].)

Nonetheless, although the trial court failed to support its sentence choice with an articulation of a reason or reasons, appellant clearly is not entitled to the relief he sought, nor to the lesser request for resentencing which is presently urged by counsel on appeal. To grant such a request at this late date would be to abrogate all time honored rules relating to the finality of judgments. (Cal. Rules of Court, rule 31(a); *People* v. *Bond* (1981) 115 Cal.App.3d 918, 922-923 [172 Cal.Rptr. 4]; *People* v. *Lynn* (1978) 87 Cal.App.3d 591, 593 [151 Cal.Rptr. 562].)

Even if we regarded this appeal as a petition for writ of habeas corpus, appellant would have failed to establish any basis for relief. A "defendant must demonstrate more than mere legal error or irregularities in the trial court's proceedings; he must show that the trial court exceeded its jurisdiction in some manner. [Citations.]" (*People* v. *Stanworth* (1974) 11 Cal.3d 588, 605 [114 Cal.Rptr. 250, 522 P.2d 1058].) The *manner* in which the trial court here pronounced judgment constituted the only judicial error (*People* v. *Drake* (1981) 123 Cal.App.3d 59, 63-64 [176 Cal.Rptr. 186]). The *sentence* itself was authorized by law. (Pen. Code, §§ 489, 18; cf. *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289].) Consequently, the court did not exceed its jurisdiction in imposing it. (Cf. *People* v. *Benton* (1979) 100 Cal.App.3d 92, 100-103 [161 Cal.Rptr. 12].) In sum, a failure to comply with the duty to articulate a reason or reasons for a sentence choice

does not render a final judgment susceptible to collateral attack. (*People* v. *Stanworth, supra.*)

The order under review is affirmed.

Klein, P. J., and Potter, J., concurred.

A petition for a rehearing was denied December 21, 1981, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1982.