[No. F006683. Fifth Dist., Feb. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID W. CHILDRESS, Defendant and Appellant.

**COUNSEL**

Philip F. Stanger, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Childress was convicted on his guilty plea of kidnap (count two, Pen. Code, § 207).[1] He admitted having served a prior prison term based on a 1982 conviction for burglary (§§ 667.5, 459). The guilty plea and admission were pursuant to a plea bargain which provided for a stipulated prison term of eight years (the seven-year upper base term for the kidnap plus the one-year additional term for the prior) and the dismissal of several other charges and enhancements. At sentencing, at the request of Childress's counsel, the trial court imposed the stipulated term of eight years. In an appellate about-face, Childress now argues that 1) the trial court failed to state reasons for the upper base term and 2) the prior prison term enhancement was improper because he actually never set foot in prison for his 1982 crime. Both contentions border on the frivolous.

■ On the first point Childress avoids mention of rule 440(a), which provides: "(a) If a plea of guilty or nolo contendere was entered pursuant to section 1192.5 and the plea was accepted by the prosecuting attorney in open court and was conditionally approved by the court, the defendant's specification of the punishment and the prosecuting attorney's acceptance thereof in open court constitutes an adequate reason for the imposition of the punishment specified."

The instant case fits squarely within rule 440(a). Childress's primary authority, *People* v. *Lutes* (1981) 117 Cal.App.3d 830 [173 Cal.Rptr. 300], does not. There, the plea bargain provided a ceiling, not a floor, for the ultimate sentence. The first contention fails.

■ The second point arises from the procedural history of Childress's 1982 prior. The information alleged that Childress was convicted on May 4, 1982. According to the probation officer's report, on June 1, 1982, he was placed on four years felony probation. On April 17, 1985, he was found in violation of his probation and sentenced to the Department of Corrections for 2 years with 732 days presentence credits. The commitment was pursuant to section 1170, subdivision (a)(2), which provides, in pertinent part: ". . . In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections. However, any such sentence shall be deemed a separate prior

---

\*Before Brown (G. A.), P. J., Hamlin, J., and Ballantyne, J.
[1] All statutory references are to the California Penal Code. All rule references are to the California Rules of Court.

prison term under Section 667.5, and a copy of the judgment and other necessary documentation shall be forwarded to the Director of Corrections."

The instant case fits squarely within section 1170, subdivision (a)(2).   **(3)** Childress argues that, as applied to him, the statute is "improper" and "unfair," "especially so where the prior term has been served within months of the present offense . . . ." The kidnap of which Childress was convicted in the instant case occurred July 22, 1985. Childress does not try to fashion his perception of unfairness into a legal theory. Moreover, we see no unfairness. Section 667.5's five-year "washout" period reflects a legislative recognition that, at some point, a prior becomes too aged to merit enhancement. Conversely, the shorter the elapsed time between completion of the prison term and commission of the new offense, in our view, the *stronger* the argument for recidivist enhancement. Childress's undeveloped attack on section 1170, subdivision (a)(2) fails.

The judgment is affirmed.