[No. B129165. Second Dist., Div. Two. Oct. 5, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
BYRON RENE CASTANEDA, Defendant and Appellant.

**COUNSEL**

Madelynn Kopple for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NOTT, J.**—Byron Rene Castaneda (appellant) appeals the judgment entered following revocation of the probation previously granted him in Los Angeles Superior Court Case No. YA030968. He was initially sentenced to state prison for a total term of 10 years, consisting of the middle base term of three years for assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] enhanced by four years for personal use of a firearm in committing the offense (§ 12022.5, subd. (a)) and three years for intentional infliction of great bodily injury upon the victim (§ 12022.7, subd. (a)).

Thereafter, due to the fact that the sentence imposed violated section 1170.1, subdivision (e), which then limited imposition of enhancements,[2] appellant was resentenced to a total term of eight years, consisting of the high base term of four years for the assault with a firearm, enhanced by four years for personal use of a firearm. The additional three-year enhancement period for intentional infliction of great bodily injury (§ 12022.7, subd. (a)) was stayed.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Appellant committed the offense in 1996. Section 1170.1, subdivision (e) then provided in part that with exceptions not applicable to his offense, "[w]hen two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.55, 12022.7, and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply."

## Facts[3]

On September 10, 1996, Mill Bullard was "deejaying" a party when members of the Lennox 13 gang who were in attendance began "throwing up gang signs." When Bullard asked them not to do so, he was shot in the abdomen. Bullard's brother, who was standing next to him at the time of the shooting, subsequently identified appellant's photograph as that of the shooter.

## Contention

Appellant contends that on resentencing the trial court improperly selected the high base term for the assault in order to achieve a total term as close as possible to the original term imposed despite having to stay the great bodily injury enhancement period.

## Discussion

Citing *People* v. *Drake* (1981) 123 Cal.App.3d 59 [176 Cal.Rptr. 186], appellant claims, essentially, that the trial court was bound by its earlier imposition of the middle base term for felonious assault. As respondent points out, the decision in *Drake* "has been routinely criticized for its characterization of determinate sentences as discrete and severable components capable of being separated out and corrected. 'To the contrary, the components of an aggravated term are properly viewed as interdependent when calculating and imposing sentence, and an aggregate term of imprisonment under the determinate sentencing law constitutes a total prison term which is "a single term rather than a series of separate terms." [Citations.]' [Citations.]" (*People* v. *Kelly* (1999) 72 Cal.App.4th 842, 846 [85 Cal.Rptr.2d 430]; *People* v. *Begnaud* (1991) 235 Cal.App.3d 1548, 1557 [1 Cal.Rptr.2d 507]; *People* v. *Stevens* (1988) 205 Cal.App.3d 1452, 1454-1458 [253 Cal.Rptr. 173]; *People* v. *Savala* (1983) 147 Cal.App.3d 63, 68-69 [195 Cal.Rptr. 193], overruled on other grounds in *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1044, 1046-1047 [216 Cal.Rptr. 865].)

As the court explained in *People* v. *Stevens, supra,* 205 Cal.App.3d 1452, "The approach in *Drake* . . . appears to have been premised on an assumption, explicitly articulated in *People* v. *Swanson* (1983) 140 Cal.App.3d 571 [189 Cal.Rptr. 547], that 'a sentencing judge is required to base his decision

---

[3]Because appellant entered a plea of nolo contendere to the charge and allegations, the facts are taken from the reporter's transcript of appellant's preliminary hearing.

on the statutory and rule criteria, on an analysis of legitimate aggravating and mitigating factors, and *not* on his subjective feeling about whether the sentence thus arrived at seems too long, too short, or just right. He is not permitted to reason backward to justify a particular length sentence which he arbitrarily determines.' (*Id.* at p. 574, italics in original.) However, the mechanics of sentencing are not necessarily as rigid as portrayed in *Swanson.* A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria. (See, e.g., Pen. Code, § 1170 et seq.; Cal. Rules of Court, rule 401 et seq.) As *Savala* aptly observed, and as is apparent in appellant's situation, 'In making its sentencing choices in the first instance the trial court undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements.' (*People* v. *Savala, supra,* 147 Cal.App.3d at p. 70; see also *People* v. *Burns* [(1984) 158 Cal.App.3d 1178, 1183,] fn. 6 [205 Cal.Rptr. 356].)" (*People* v. *Stevens, supra,* 205 Cal.App.3d at p. 1457.)

In *People* v. *Savala, supra,* 147 Cal.App.3d 64, as in this case, remand for resentencing was required due to imposition of an improper enhancement. The trial court resentenced the defendant to the same term as the original sentence by increasing the principal term to the upper term and staying the enhancement. The appellate court held this was proper so long as the new aggregate term did not exceed the original aggregate term. (*Id.* at p. 69.)[4]

We concur in the reasoning of *Savala.* The new aggregate term of eight years does not exceed the original aggregate term of 10 years, and was properly calculated by the trial court.

Further, at the original sentencing hearing, the trial court sentenced appellant to three years for the great bodily injury enhancement. It therefore would have been improper for the court to have used great bodily injury as a factor in aggravation. (§ 1170; *People* v. *Gutierrez* (1992) 10 Cal.App.4th 1729, 1735 [13 Cal.Rptr.2d 464].) On resentencing, however, the trial court did not impose the great bodily injury enhancement. The court was thus free to select the injury to the victim as a factor in aggravation. (Cal. Rules of

---

[4]Appellant attaches significance to our Supreme Court's citation of *Drake* in footnote 16 at page 350 of its decision in *People* v. *Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100]. The citation refers to the court's statement that a valid sentence may not be increased after formal entry in the minutes. It does not connote approval of any other aspect of *Drake.*

Court, rule 421(a)(1).) One factor in aggravation is sufficient to justify the imposition of the high term. (*People* v. *Cruz* (1995) 38 Cal.App.4th 427, 433 [45 Cal.Rptr.2d 148].) In the present matter, the trial court stated that the probation report listed an aggravating factor of serious injury, with no factors in mitigation. Accordingly, the trial court was justified in selecting the high term at resentencing.

### DISPOSITION

The judgment is affirmed.

Boren, P. J., and Zebrowski, J., concurred.