Filed 10/27/20  P. v. Marshall CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK MARSHALL,<br><br>    Defendant and Appellant. | B301840<br>(Los Angeles County<br> Super. Ct. No. BA435692) |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Affirmed.

Law Office of G. Martin Velez and G. Martin Velez for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Patrick Marshall appeals from the judgment following resentencing on remand from the prior appeal in this case. As we stated in our prior opinion, defendant identified as a man at the time of the offenses, and identified as a woman at the time of trial, using the name "Priscilla Marshall." We will refer to defendant using "she" and "her."

Defendant contends that the resentencing court abused its discretion by imposing the upper term of imprisonment on count 1 for first degree residential robbery (Pen. Code, § 211, count 1),[1] without stating factors in aggravation and mitigation. She also contends the court abused its discretion because it elected not to strike a firearm enhancement (§ 12022.53, subd. (b)) on count 1, or another firearm enhancement (§ 12022.5, subd. (a)) on count 2 for assault with a firearm (§ 245, subd. (a)(1)). We disagree with both contentions and affirm the judgment.

## FACTUAL BACKGROUND

On March 4, 2015, defendant and a man named Roger visited the apartment of the victims, Brian Hunter and Danielle Banks. Hunter had occasionally purchased marijuana from defendant. When defendant and Roger were seated at a table with Hunter inside the apartment, Hunter offered to light up some marijuana. Defendant then pulled out a handgun, pointed it in Hunter's face, asked if Hunter

---

[1]     Undesignated statutory references are to the Penal Code.

2

wanted to be shot in the kneecaps, and stated that she wanted "everything, all the money."

Defendant told Roger to take a laptop that was on the table. Roger placed the laptop in a backpack. Hunter stated that he did not have anything and that defendant could take whatever she wanted. Defendant then pointed the gun at Banks and asked Hunter how much he loved Banks. Defendant pulled back the slide of the pistol, allowing a round to fall to the floor. Hunter fled from the apartment out the front door. Defendant and Roger chased after Hunter as far as the front door, but then turned and ran out through the back patio. Using a neighbor's phone, Hunter called 911. He later discovered that some of his video equipment was missing.

## PROCEDURAL BACKGROUND

In an information filed on February 8, 2016, defendant was charged with first degree residential robbery (§ 211, count 1) and assault with a semiautomatic firearm (§ 245, subd. (b), count 2). The information alleged that defendant personally used a firearm during the commission of the robbery (§ 12022.53, subd. (b)), and personally used a firearm in during the commission of the assault (§ 12022.5, subd. (a)). The information also alleged that defendant had suffered a prior conviction for assault with a firearm (§ 245, subd. (a)(2)), which constituted a strike under the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12) and a serious felony (§ 667, subd. (a)(1)). Finally, the information alleged defendant had served five prior prison terms, and had not remained free of prison custody for a period of five years after

3

the conclusion of each term (§ 667.5, subd. (b)). On January 18, 2017, the prosecution amended the information to change count 2 to assault with a firearm (§ 245, subd. (a)(2)).

Following a jury trial, defendant was convicted of both counts with true findings on each firearm use allegation. Defendant admitted the prior strike conviction and the five prior convictions and prison terms, which the trial court found to be true.

During the initial sentencing hearing on August 24, 2017, the People requested that the court impose the maximum sentence. Despite that request, the court sentenced defendant to an overall term of 27 years imprisonment, consisting of the middle term of six years on count 2 as the base term,[2] doubled to 12 years for the prior strike, plus four years for the firearm enhancement (§ 12022.5, subd. (a)); 16 months on count 1 (one-third the middle term), doubled to 32 months for the prior strike, plus three years four months for the firearm enhancement (§ 12022.53, subd. (b)); and five years for the prior serious felony (§ 667, subd. (a)(1)). The court imposed and stayed a one-year term for the prior prison term related to the prior serious felony (§ 667.5, subd. (d)) and struck the remaining four prior prison terms pursuant to section 1385.

---

[2] The court incorrectly sentenced defendant on count 2 based on the triad of 3, 6, and 9 years in section 245, subdivision (b) (the originally charged count), rather than triad of 2, 3, and 4 years in section 245, subdivision (a)(2) (the amended count).

4

Defendant appealed from the judgment based on the court's imposition of an unauthorized sentence (i.e., by imposing the incorrect middle term of imprisonment on count 2). He also requested remand for the court to exercise its discretion to strike or impose the firearm enhancements under Senate Bill No. 620. We agreed with both contentions, and remanded the matter for resentencing.

Prior to the hearing on remand, defendant filed a motion in support of resentencing, and requested that the court impose an overall term of 14 years 8 months (comprised of the middle term on count 2, doubled for the prior strike, plus one-third the middle term on count 1). Defendant argued that the term of imprisonment was supported by her upbringing;[3] sexual reassignment procedures yet to be completed; the recent enactments of Senate Bill Nos. 620 and 1393, which grant the court discretion to strike the firearm enhancements and prior serious felony enhancement; and the prosecution's offered plea bargains before and during trial.

At the resentencing hearing on October 4, 2019, defense counsel reiterated the same arguments that had been made in the motion. The prosecutor argued that the court should not strike the five-year prior or either firearm enhancement based on defendant's conduct during the crimes, and defendant's priors, one of which was for violating section

---

[3] According to counsel, defendant's "youth, adolescent years, and 20's [were] essentially completely lost as a result of the breakdown of [her] family, failed social programs, a lack of proper psychological evaluation, and rampant drug use."

245, subdivision (a)(2), the same crime for which defendant was convicted in on count 2.

Recognizing that it could not sentence defendant to a term greater than 27 years, the court decided that the "correct" sentence was 22 years, which included the five-year prior serious felony conviction and firearm enhancements. The court selected count 1 as the base term based on its higher triad (i.e., 3, 4, and 6 years) than the triad for count 2 (i.e., 2, 3, and 4 years). In light of that selection, defense counsel stated that the overall sentence based on the middle term in count 1 would be 23 years, consisting of four years, doubled for the prior strike, plus five years for the prior serious felony conviction, and 10 years for the section 12022.53, subdivision (b) true finding.

The court responded: "The bottom line answer is 22. . . . [¶] First of all, as to the court's discretion to strike the gun allegations, I completely agree with [the prosecutor]. If there was ever a case for imposing gun allegations, this is it. [¶] This is a home invasion robbery, and the gun was pointed first at the first victim, albeit at his knees, and then [defendant] turned the gun on the girlfriend, chambered a round, and in great show of bravado, while she was doing that, the first victim ran out into the hallway. And so the gun was used separately on two different people. So the court exercises its discretion not to strike the firearms allegations. [¶] With regard to the five-year prior, I'm going to exercise my discretion to strike it because it's the easiest way to get to 22, and avoids all of the legal complications . . . . [¶] So as to count 1, is the base term. The court selects the midterm of four years, that is doubled pursuant to the Three Strikes law for a total

6

of eight. Plus ten years pursuant to 12022.53(b)." The court continued: "the court chooses to exercise consecutive sentence on count 2, it's a separate victim completely. So the court imposes the mid[-]term of three years on count 2, but it's consecutive to count 1, so it's one-third of that, that's one year. It's doubled pursuant to the Three Strikes law for a total of two, plus the low term of three years pursuant to 12022.5(a) through (d), which is three years consecutive, one-third of that is one, doubled is two."

After having an off-the-record, unreported discussion with counsel, the court resentenced defendant because it erroneously doubled the firearm enhancement on count 2. Ultimately, the court imposed the upper term of six years on count 1, "and the reason for the high term is that it's got this prior that I intend to strike, and it's the easiest way, as I said, to get to 22." The court doubled the base term of six years for the prior strike, and added 10 years for the firearm enhancement. On count 2, the court imposed the middle term of three years and the middle term of four years for the firearm enhancement, which it ran concurrently to count 1. The court struck the five-year prior, and struck all of the one-year prior prison terms.

Defendant filed a timely notice of appeal.

## DISCUSSION

1. *Standard of Review and Governing Law*

A trial court has broad discretion to make essential sentencing determinations, including the selection of a term other than the middle statutory term by weighing and balancing aggravating and mitigating

factors.  (Cal. Rules of Court, rule 4.406; *People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Giminez* (1975) 14 Cal.3d 68, 71–72.)[4] "Indeed, a trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' [Citation.]" (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.)  In making any claim of sentencing error, the burden is on the party attacking the sentence to show an abuse of discretion—that is, a decision that is "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)  We presume that the trial court considered all of the relevant factors unless the record affirmatively shows the contrary.  (*People v. Kelley* (1997) 52 Cal.App.4th 568, 582 (*Kelley*).)

When selecting a term of imprisonment, "the sentencing judge must select the upper, middle, or lower term . . . as provided in section 1170(b) and these rules."  (Rule 4.420(a).)  In doing so, the judge "may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision," and must state its reasons for selecting one of the three authorized terms of imprisonment. (Rules 4.420(b), (e).)  As relevant here, the court may impose an upper term based on "a fact charged and found as an enhancement . . . only if the court has discretion to strike the punishment for the enhancement and does so."  (Rule 4.420(c); see *ibid.* ["The use of a fact of an enhancement to impose the upper term of imprisonment is an adequate

---

[4]      Subsequent references to rules are to the California Rules of Court.

8

reason for striking the additional term of imprisonment, regardless of the effect on the total term"].)  Even a single, valid aggravating factor will suffice to justify imposition of an upper term.  (*People v. Cruz* (1995) 38 Cal.App.4th 427, 433.)

We need not remand for resentencing even if error has been established, where the record clearly indicates it is not reasonably probable the trial court would have exercised its discretion to impose a more favorable sentence in the absence of error.  (*People v. DeHoyos* (2013) 57 Cal.4th 79, 155 (*DeHoyos*); *People v. Watson* (1956) 46 Cal.2d 818, 836.)

2.     *Imposing an Upper Term Sentence on Count 1*

Defendant contends the resentencing court abused its discretion by imposing the upper base term on count 1, because it utilized a "results oriented" approach without consideration of factors in mitigation and aggravation.

Defendant failed to object to the trial court's ultimate selection of the upper term of imprisonment, which she has raised for the first time in this appeal.  Defendant has thus forfeited the contention.  (*People v. Scott* (1994) 9 Cal.4th 331, 352–353; see *id.* at p. 353 ["Routine defects in the [sentencing] court's statement of reasons are easily prevented and corrected if called to the court's attention"].)  To rebut a finding of forfeiture, defendant relies on *People v. Hoover* (2000) 77 Cal.App.4th 1020 (*Hoover*).  *Hoover* is readily distinguishable.  In that case, "both the prosecution and the defense offered substantial argument as to why

defendant should or should not receive the upper term" of an enhancement over a two-day sentencing hearing. (*Id.* at pp. 1030–1031.) In this case, the resentencing court changed its initial resentencing decision following an off-the-record discussion with counsel, after which it stated it had incorrectly multiplied the firearm enhancement on count 2. In light of that error, and the court's "bottom line" to get to an overall term of 22 years, the court changed its decision and imposed the upper term on count 1, and a concurrent term of imprisonment on count 2. Neither the prosecution nor defense counsel objected.

Even if not forfeited, defendant's contention is meritless. "A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria." (*People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 (*Castaneda*). *Castaneda* is instructive. In that case, the appellate court remanded the matter for resentencing due to an unauthorized sentence. (*Id.* at pp. 612, 614 [overall term of 10 years imprisonment was unauthorized because it included a firearm enhancement and great bodily injury enhancement on the base term, in violation of section 1170.1].) On remand, the trial court resentenced the defendant to an overall term of eight years imprisonment (two years lower than the initial sentence) by imposing the upper base term, plus four years for the firearm enhancement. (*Id.* at p. 612.) The court stayed the remaining enhancement for infliction of great bodily injury, which carried a lower term of punishment. (*Ibid.*) Because the trial court did not impose that

enhancement in the new sentence, it "was thus free to select the injury to the victim as a factor in aggravation," which the appellate court found was "sufficient to justify the imposition of the high term." (*Id.* at pp. 614–615.)

The resentencing court in this case used similar logic. The court selected the upper base term of six years in light of its decision to strike the prior serious felony conviction enhancement: "the reason for the high term is that it's got this prior [for assault with a firearm] that I intend to strike." (See Rules 4.420(c), 4.421(b)(1) [engaging in "violent conduct that indicates a serious danger to society" is one factor in aggravation].) The court's identification of "[o]ne factor in aggravation is sufficient to justify the imposition of the high term." (*Castaneda, supra,* 75 Cal.App.4th at p. 615; accord, *People v. Brown* (2000) 83 Cal.App.4th 1037, 1043.)

Moreover, the record amply supports the finding that the court did in fact consider other factors in aggravation and mitigation when resentencing defendant. When discussing whether to strike or impose the firearm enhancements, the court discussed defendant's conduct during the robbery and assault. That conduct included brandishing a firearm and threatening both victims with death or great bodily harm. (Rules 4.421(a)(1), (2).) As discussed, the court also sentenced defendant to a concurrent term on count 2 despite its ability to impose a consecutive term on that count. (Rule 4.421(a)(7).) The probation

11

report listed four circumstances in aggravation,[5] and no circumstances in mitigation, while defendant's resentencing motion mentioned factors in mitigation (rules 4.423(b), (c)) which defense counsel echoed during the resentencing hearing. On this record, the trial court must be presumed to have considered those circumstances. (Rules 4.409, 4.411.5; *Kelley*, *supra*, 52 Cal.App.4th at p. 582.) And in any event, the record shows that it is not reasonably probable the resentencing court would have exercised its discretion to impose a more favorable sentence in the absence of any claimed error. (*DeHoyos*, *supra*, 57 Cal.4th at p. 155.)

3.      *Imposing the Firearm Enhancements*

Defendant contends the resentencing court abused its discretion by not striking or dismissing the firearm enhancements on count 1 (§ 12022.53, subd. (b)) or on count 2 (§ 12022.5, subd. (a)), or striking the 10-year term of imprisonment for the section 12022.53, subdivision (b) in the interest of justice. We disagree.

Senate Bill No. 620 amended sections 12022.53 and 12022.5 to permit the trial court to strike or dismiss a firearm enhancement under those sections "in the interest of justice." (§§ 12022.53, subd. (h),

---

[5]      The report states that the manner in which the crimes were carried out indicates planning, sophistication, or professionalism (rule 4.421(a)(8)); defendant has engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); defendant's prior performance on probation or parole was unsatisfactory (rule 4.421(b)(5)); and defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness (rule 4.421(b)(2)).

12022.5, subd. (c).) During the resentencing hearing, the court stated that it understood its discretion to impose or strike the firearm enhancements. After considering the circumstances of defendant's conduct during both crimes, the court elected not to strike the enhancements. The court's informed judgment was not arbitrary or capricious. (*Carmony*, *supra*, 33 Cal.4th at p. 373.)

Defendant asserts that the interest of justice compels striking both firearm enhancements, as the overall term of imprisonment of 22 years is "grossly disproportionate" to the prosecution's offered plea bargains (8 years before trial, and 2 years with no strike during trial). However, given the evidence at trial and defendant's prior record, which the trial court properly considered, the argument is meritless. (See *In re Lewallen* (1979) 23 Cal.3d 274, 281 ["a trial court's discretion in imposing sentence is in no way limited by the terms of any negotiated pleas or sentences offered the defendant by the prosecution"]; *United States v. Carter* (9th Cir. 1986) 804 F.2d 508, 513 ["a defendant [who] voluntarily chooses to reject . . . a plea bargain . . . retains no right to the rejected sentence"].)

//

//

//

//

//

//

//

13

## DISPOSITION

The post-judgment order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.