Filed 2/6/25  P. v. Asare CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ABABAIO ASARE,<br><br>Defendant and Appellant. | 2d Crim. No. B329348<br>(Super. Ct. No. BA497244)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING [CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 22, 2025, be modified as follows:

1.  On page 3, at the end of the second full paragraph insert the following:  "Both appellant and respondent agree that appellant is entitled to an additional unknown amount of additional credits.  Both agree that a remand is necessary for resolution, factually, of the amount of credit."

2.  On page 3, third full paragraph, delete the following sentences: "The trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and

Rehabilitation.  As so modified, the judgment is affirmed" and insert the following:

"The trial court is ordered to conduct a hearing on additional credits and send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed."

This modification changes the judgment.

Appellant's petition for rehearing is denied.

GILBERT, P. J.          YEGAN, J.          CODY, J.

2

Filed 1/22/25  P. v. Asare CA2/6 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ASARE,<br><br>　　Defendant and Appellant. | 2d Crim. No. B329348<br>(Super. Ct. No. BA497244)<br>(Los Angeles County) |

　　Charles Asare, also known as Malik Purnell, appeals from the order revoking probation and sentencing him to a prison term of four years and eight months.[1]  He pleaded guilty to residential burglary and admitted the special allegation that "another person was present," (generally speaking, the victim) while he committed the burglary.  (Pen. Code, §§ 459, 667.5, subd. (c)(21).)  This later allegation makes the residential burglary a "violent felony," which limits credits against his term of imprisonment.

---

　　[1] There are also two dates of birth for appellant in the record: September 23, 1997 and October 31, 1995.

He also pleaded guilty to felony evading a peace officer in a high-speed, 100-plus miles per hour, 30-mile auto chase.  (Veh. Code, § 2800.2.)

He contends: (1) A new probation violation hearing is required because the trial court would not let him confer with "standby" counsel who was in the courtroom; (2) His credits should not be limited because he did not admit that a person was present during the burglary; and (3) He is entitled to additional credits.  We conclude that the first two contentions are without merit.  As to the third contention we accept respondent's concession that the judgment should be modified to show credit for 288 days of actual time served and 43 days of conduct credit, for a total credit of 331 days.

The trial court did not err by precluding appellant from discussing his probation revocation matter with "standby" counsel.  There is no constitutional right to confer with such counsel, where, as here, appellant has knowingly and voluntarily chosen self-representation.  A defendant may not pick and choose which aspects of representation he wants while rejecting those he does not want.  Appellant chose to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806; see also *People v. Hamilton* (1989) 48 Cal.3d 1142, 1162.  He may not predicate reversible error on what the trial could have done in the exercise of discretion.  Appellant explained his defense to the trial court and tendered an excuse for each and every charged violation.  The trial court did not believe him.  The record shows a complete failure to abide by the terms and conditions of probation.[2]

---

[2] This includes failure to appear in court as ordered, failure to appear at the probation department, and failure to perform community service.

Appellant is not entitled to now strike the admission of "another person present" allegation so as to give him additional conduct credits. It is true that the trial court misspoke when taking the plea, asking appellant whether he admitted that he, and not another person, was present during the burglary. The record shows that the prosecutor then asked the trial court to clarify if appellant admitted the "another person present" allegation. The trial court said, "yes." We also note that at no time below has appellant ever moved to withdraw this plea and admission. He may not accept the favorable aspects of his negotiated disposition while at the same time jettison the unfavorable aspects thereof. (*People v. Collins* (1978) 21 Cal.3d 208, 215; see also *People v. Blessing* (1979) 94 Cal.App.3d 835, 839, fn. 3.)

As indicated, we credit appellant's third contention and accept the respondent's concession that he is entitled to 331 days of credit as against the four years eight months prison sentence.

*Disposition*

We order the trial court to modify the abstract of judgment to show a total presentence credit of 331 days. The trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

3

Renee F. Korn, Judge

Superior Court County of Los Angeles

_____

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Chelsea Zaragoza, Deputy Attorney General, for Plaintiff and Respondent.