Filed 1/26/24  P. v. Boyd CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JONATHAN KEITH BOYD, <br><br> Defendant and Appellant. | F085425 <br><br> (Fresno Super. Ct. No. F18904018) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Snauffer, J.

In an amended information filed July 13, 2018, the Fresno County District Attorney charged defendant and appellant Jonathan Keith Boyd (defendant) with several prostitution related crimes concerning three victims: Michelle M., Jessica D., and minor Toni B.

**Charges Related to Victim Toni B.**

In an information, defendant was charged with human trafficking of Toni B., a minor, for a sex act (count 1; Pen. Code, § 236.1, subd. (c)(2))[1] in a manner involving force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury (see § 236.1, subd. (c)(2)); pimping a minor (count 2; § 266h, subd. (b)(2)); lewd act upon a child (count 3; § 288, subd. (c)(1)); and pandering of a minor under age 16 (count 4; § 266i, subd. (b)(2)). The information alleged Toni was 13 or 15 years old when the lewd act was committed upon her.

**Charges Related to Michelle M.**

Defendant was further charged with human trafficking of Michelle M. to commit another crime (count 5; § 236.1, subd. (b)); kidnapping to commit another crime (count 6; § 209, subd. (b)(1)); and forcible rape (count 7; § 261, subd. (a)(2)).

**Charges Related to Victim Jessica D.**

Defendant was also charged with pimping (count 8; § 266h, subd. (a)); and pandering (count 9; § 266i, subd. (a)(2)) Jessica D.

**Additional Allegations**

The complaint further alleged defendant had suffered a prior strike (§§ 667, subd. (b), 1170.12, subds. (a)–(d)) and three prior prison terms (§ 667.5, subd. (b)).

**Verdicts and Sentence**

A jury convicted defendant of counts 1 through 4 and 8 through 9 and found true the special allegation on count 1. In a bifurcated proceeding, the trial court found the

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise stated.

2.

strike and prior prison term allegations true.  The jury found defendant not guilty on counts 5 and 7.

On count 9, the court selected the upper term of 6 years, which was doubled to 12 years due to defendant's prior strike.  On count 1, the court imposed a consecutive term of 30 years to life (15 years to life, doubled).  Imposition of sentence on the remaining counts – 16 years on count 2, six years on count 3, 16 years on count 4, and 12 years on count 8 – was stayed pursuant to section 654.

The court struck imposition of penalty on the prior prison term allegations.

**Subsequent Proceedings**

Defendant appealed and this court issued a written opinion on May 20, 2022.  In that decision, we reversed the conviction count 9, remanded for a full resentencing, and otherwise affirmed the judgment.  (*People v. Boyd* (F078502, May 20, 2022) [nonpub. opn.].)

At resentencing, the court sentenced defendant to 12 years on count 8, plus a consecutive 30-year-to-life term on count 1.  The court also selected upper terms on counts 2, 3, and 4 but stayed the terms pursuant to section 654.

## DISCUSSION

### I. The Court's Consideration of Improperly Established Postrelease Community Supervision Status Does Not Warrant Reversal Here

#### A. *Additional Facts*[2]

At the resentencing hearing, defense counsel argued against doubling the 15-year-to-life sentence on count 1 pursuant to defendant's prior strike.  He contended that defendant's offense was not what the Legislature had in mind when it defined human trafficking.  Counsel observed that aggravating circumstances had to be pleaded and

---

[2] Defendant provides a brief statement of facts concerning the underlying offenses while respondent provides none at all because the issues on appeal concern sentencing. We incorporate by reference the factual recitation from our prior decision in *People v. Boyd*, *supra*, F078502.

proved but acknowledged the prosecutor "could not have been aware of that particular requirement although *Apprendi* [*v. New Jersey* (2000) 530 U.S. 466] has been good law for a long time."

Defense counsel also requested that the court not use the indeterminate term as the base term and impose a term of 14 years.

When asked about aggravating circumstances, the prosecutor asserted that defendant was on parole when the offense was committed. The prosecutor asserted his status was confirmed by a postrelease community supervision (P.R.C.S.) violation established in case No. F12904145. The prosecutor asked that the court take judicial notice of that case. When asked if he had any objection, defense counsel said, "I'll just submit on it." The court granted the request for judicial notice. Defense counsel argued that an aggravated term should not be imposed "just based on [the] individual item" of a P.R.C.S. violation. The court pointed out that a court trial had also established defendant had served a prior prison term.

Before pronouncement of sentence, the court observed that the Legislature "takes a very dim view of people who would put children out for prostitution." The court continued,

> "But aggravating his particular set of circumstances is the fact that he has a long criminal history. And [defendant's] history follows him. And he wasn't even completing his last term because he was on a grant of supervision when he was committing these offenses."

In deciding not to stay the indeterminate term under section 654, the court emphasized the need for the sentence to be commensurate with defendant's culpability in prostituting a child under duress. The court repeated that the Legislature had taken a very dim view of such activity and that defendant had a long criminal history. The court noted that defendant "had many times to remedy and correct his situation and he admits violations of parole and he had some stints in prison and that did not remedy his situation.

If anything, it made him quite potentially more resolute in continuing his criminal conduct."

In selecting the upper term on count 8, the court stated:

"Count Eight pertains to the pimping of Jessica D. The Court has to consider aggravating and mitigating circumstances and it has to now consider that pursuant to the construct of 1170(b) as it's been redrafted. And there are certain issues of proof that the People must establish in order to arrive at an aggravated term.… But there are circumstances relating to … the [d]efendant himself, under [California Rules of Court,] [r]ule 4.421(b) that the People don't have to submit to the jury and these are issues pertaining to or relating to [defendant] himself. And the Court having taken judicial notice of the fact that he was on parole when the offense was committed, finds that to be true beyond a reasonable doubt. And the Court also notes its reference and mention with [defense counsel] that there was a prior court trial with regards to the prior prison term allegations. The Court had found those true beyond a reasonable doubt and, accordingly, the Court will make that same finding that he has served prior prison terms as aggravating circumstances. Using these aggravating circumstances, the Court arrives at the upper term of 12 years determinate for Count Eight."

**B.    *Law***

A court may only impose the upper term "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2).) The facts underlying those circumstances must have been stipulated to by the defendant or have been found true beyond a reasonable doubt by the jury or by the judge in a court trial. (*Ibid*.) However, the court may consider the defendant's prior convictions based on a certified record of conviction without submitting the prior convictions to a jury. (*Id*., subd. (b)(3).)

When the court relies on both properly and improperly established aggravating factors to select an upper term, we ask "whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the

aggravating circumstances provable from the record." (*People v. Dunn* (2022) 81 Cal.App.5th 394, 410, review granted Oct. 12, 2022, S275655.)

##### C.    *Analysis*

Defendant contends the court erred by imposing the upper term based on his P.R.C.S. status at the time of the offense when that issue was not found beyond a reasonable doubt at trial.  Respondent concedes error, but argues it was harmless.[3]

The selection of the upper term was not based solely on the P.R.C.S. status, but also on the circumstance that defendant had served a prior prison term.  Defendant concedes that the latter circumstance *was* established at trial in a bifurcated proceeding.

In this circumstance, we ask whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances that were properly established.  (Cf. *People v. Dunn*, *supra*, 81 Cal.App.5th at p. 410, review granted.)[4]  Here, we conclude that there is no reasonable probability the court would have selected the middle or lower term absent the P.R.C.S. violation circumstance.

---

[3] Respondent also contends defense counsel forfeited any challenge to the trial court's use of aggravating factors to impose an upper term sentence.  We agree that defense counsel should have objected to the court's taking of judicial notice and its consideration of P.R.C.S. status if he desired to have the issue reviewed on appeal.  However, defendant also claims counsel was ineffective on these grounds.  Resolving that contention would require us to determine whether the allegedly ineffective assistance was prejudicial.  This inquiry overlaps substantially with the prejudice inquiry on the merits.  And, as explained below, we conclude the court's improper consideration of P.R.C.S. status was not prejudicial, which also means the failure to object was also not prejudicial to defendant.

[4] Defendant insists that because section 1170 refers to "circumstances" plural, a single circumstance cannot support an upper term.  We disagree and instead follow the observation in *People v. Lopez* (2022) 78 Cal.App.5th 459, 467, that "unquestionably the trial court may still rely on any single permissible aggravating factor to select an upper term sentence .…"

First, we note that while the rationale behind P.R.C.S. status and prior prison term circumstances are not identical, they do overlap significantly. Indeed, the trial court cited the two circumstances for the same reason, noting defendant "had many times to remedy and correct his situation and he admits violations of parole and he had some stints in prison and that did not remedy his situation" Consequently, it is unlikely that defendant's P.R.C.S. status was so *incrementally* impactful on the court's sentencing decision – over and above the influence of the properly-established prior prison term circumstance – so as to create a reasonable probability the court would have made a different decision.

Second, we observe that the defendant was originally sentenced to a determinate term of 12 years plus an indeterminate term of 30 years to life. After we vacated one of the convictions and remanded, defendant was again sentenced to a determinate term of 12 years plus an indeterminate term of 30 years to life. This suggests the court has concluded this aggregate term is commensurate with defendant's crimes. (See *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 ["A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria."].)

Finally, we note the overall tenor of the court's comments – described above – were not sympathetic to defendant's various attempts to obtain more lenient sentencing.

Taken together, these considerations lead us to conclude there is no reasonable probability the court would have made a different sentencing decision absent the error.

## II. Defendant Has Not Established Ineffective Assistance on Direct Appeal

Defendant argues counsel was ineffective for failing to raise the circumstances set forth in California Rules of Court, rule 4.423 (a)(1), (a)(2), (a)(6), and (a)(8).[5]

"To make out a claim that counsel rendered constitutionally ineffective assistance, 'the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.' " (*People v. Hoyt* (2020) 8 Cal.5th 892, 958.)

"It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Consequently, an appellate court will not find ineffective assistance of counsel on direct appeal if there is even a conceivable reason for counsel's omissions. (See *People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.)

Here, there are conceivable reasons to explain why defense counsel did not raise the circumstances identified by defendant on appeal.

California Rules of Court, rule 4.423 (a)(1) describes a mitigating circumstance where the defendant "was a passive participant or played a minor role in the crime." Defendant insists he played a "passive role" in acquiring the money from Jessica D.'s

---

[5] Defendant also contends counsel was ineffective for failing to object to judicial notice of the P.R.C.S. case. As noted above, we proceeded to the merits of that claim despite the absence of a clear, express objection. We concluded there that even if an objection had been made, defendant would not be entitled to relief.

prostitution. However, counsel may have reasonably concluded that this mitigating factor did not apply. The trial record indicated that Jessica paid defendant's bills while he was in custody. However, the record does not affirmatively demonstrate that defendant did not actively participate in establishing that arrangement. On the present record, it appears defense counsel could have plausibly concluded this mitigating circumstance did not apply.

California Rules of Court, rule 4.423 (a)(2) describes a mitigating circumstance where the victim "was an initiator, willing participant in, or aggressor or provoker of the incident." Defendant observes that Jessica was his girlfriend. Again, this does not establish that defense counsel was ineffective. The fact that Jessica was defendant's "girlfriend" does not necessarily establish she was a "willing participant" to being pimped. Thus, defendant has not precluded the possibility that defense counsel reasonably concluded this mitigating factor had not been established and therefore should not be raised at sentencing. Consequently, it cannot support a finding of ineffective assistance on direct appeal.

California Rules of Court, rule 4.423 (a)(6) describes a mitigating circumstance where the defendant "exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim." Defendant argues that the prosecution did not establish the amount of money Jessica deposited at the jail kiosk, nor the amount she spent paying defendant's bills. However, the fact that the amount was unknown does not establish that the amount was "deliberately small."[6] On the present record, it appears defense counsel could have reasonably concluded he could not establish this factor in mitigation.

---

[6] Defendant notes the prosecutor suggested the jail money could be used to buy food and soap. But even if this established that the amount deposited on defendant's jail account was small, it does not speak to the amount of money Jessica used to pay defendant's bills.

9.

California Rules of Court, rule 4.423 (a)(8) describes a mitigating circumstance where the defendant "was motivated by a desire to provide necessities for his or her family or self." Defendant points to the prosecutor's argument at trial that Jessica put money on defendant's "books" in jail so that he could buy food and soap and other necessities. As for Jessica paying defendant's bills, he contends that "bill-paying" is also a "necessity of life." There are several issues with these contentions. First, not all bills represent "necessities of life." Absent evidence on the type of bills at issue, it remains possible defense counsel reasonably concluded that he could not establish the bills Jessica paid were for "necessities of life." Moreover, even assuming that Jessica only put a modest amount of money on defendant's "books," there is no evidence she did so because of anything defendant said or did. It remains entirely possible that defendant wanted more of Jessica's prostitution proceeds, but she refused to do so. In other words, the amount of money Jessica provided defendant while he was in custody does not establish any particular "motivation" on defendant's part, much less a motivation to merely provide for his own necessities. Again, on the present record, defense counsel could have reasonably concluded this mitigation factor did not apply. Consequently, we cannot accept defendant's contention on direct appeal.

### III. The Trial Court Did Not Abuse Its Discretion in Sentencing Defendant to Upper Term

Defendant next contends the court abused its discretion in sentencing defendant to the upper term on count 8.

We review the court's selection of the upper term for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Under that standard, it is defendant's burden as appellant " ' "to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) The court's decision " ' "will not be reversed merely because reasonably people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial

judge.' " ' "  (*Id.* at p. 377.)  In sum, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Ibid.*)

Here, the court observed that defendant chose to commit substantial crimes even after a prior stint in prison.  Defense counsel declined to raise any factors in mitigation and defendant has failed to show that was erroneous on the present record.  Accordingly, we cannot say that the trial court's selection of the upper term was "so irrational or arbitrary that no reasonable person could agree with it."

## IV.    Abstract of Judgment Must be Corrected

Defendant contends and the Attorney General concedes that the abstract of judgment must be corrected to reflect 1,738 days of actual custody credits, plus 272 days of local conduct credit, for a total of 2,010 days of credit against his sentence.  We will direct the trial court to implement these corrections.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare and transmit to appropriate parties and entities an amended abstract of judgment reflecting 1,738 days of actual custody credits, plus 272 days of local conduct credits, for a total of 2,010 days of credit against his sentence.